# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:20cv271-GCM

| | |
|---|---|
| **TARA L. SMITH,** <br> **Plaintiff,** <br><br> vs. <br><br> **Commissioner of Social** <br> **Security Administration,** <br> **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 16) and Defendant's Motion for Summary Judgment (Doc. No. 18), as well as Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 20).

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 25, 2020. She contends that the Administrative Law Judge erred by failing to give proper weight to the medical opinions of Dr. Dennis Hoogerman, the consulting clinical psychologist, and Dr. Stephen Burgess, the internal medicine consulting physician.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of

a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

2

The question before the ALJ was whether Plaintiff became disabled at any time. The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

The Court will next address Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 20). In her motion, Plaintiff requests that the Court consider a November 3, 2021 decision from the North Carolina Department of Health and Human Services finding Plaintiff entitled to Medicaid benefits as of April 2021. Plaintiff's request that this Court simply add the Medicaid decision to the record and consider it as part of its substantial evidence review of the ALJ's decision is inappropriate and contrary to law. The court does not conduct *de novo* review; its review is limited to determining whether the final decision of the Commissioner is supported by substantial evidence. *Jackson v. Astrue*, No: 1:09cv467, 2011 WL 1883036 at *3 (W.D.N.C. Mar. 31, 2011). The ALJ clearly could not have relied on this recent evidence when making the October 2019 final decision that is now under judicial review. It would be improper for this Court to consider new evidence that was not submitted during the administrative process. *See Smith v. Chater*, 99 F.3d 635, 638 n. 5 (4th Cir.1996).

In certain circumstances, the Court may remand a case pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), for the Commissioner to consider additional evidence. However, as Plaintiff readily concedes, this evidence does not meet the requirements for a sentence six remand. Accordingly, Plaintiff's motion must be denied.

### III. ORDER

**THEREFORE IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 16) is **DENIED**; Defendant's

Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. Plaintiff's Motion to Receive New and Material Evidence (Doc. No. 20) is hereby **DENIED**.

.

Signed: December 14, 2021

*[signature]*

Graham C. Mullen
United States District Judge